# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIANE WILSON-BODDY, ) | |
| ) | |
| Plaintiff, ) | No. 17 C 8605 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| NANCY A. BERRYHILL, Deputy ) | |
| Commissioner for Operations, ) | |
| performing the duties and functions ) | |
| not reserved to the Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Diane Wilson-Boddy brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff filed an application for disability benefits on April 8, 2014, alleging a disability onset date of May 15, 2007, which she subsequently amended to October 1, 2013. (R. 13, 64.) Plaintiff's application was denied initially on August 18, 2014 and on reconsideration on June 12, 2015. (R. 64, 71.) An Administrative Law Judge ("ALJ") held a hearing on plaintiff's application on October 17, 2016. (*See* R. 26-58.) On March 21, 2017, the ALJ issued a decision denying plaintiff's application. (R. 13-20.) The Appeals Council declined to review the decision (R. 1-4), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002) (citation omitted).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520(a). The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the amended alleged onset date through her date last insured ("DLI"), December 31, 2014. (R. 15.) At step two, the ALJ determined that, through her DLI, plaintiff had the severe impairments of "glaucoma, legally blind right eye and cataracts." (*Id.*) At step three, the ALJ found that, through her DLI, plaintiff's impairments did not meet or medically equal the severity of a listed impairment. (R. 16.) At step four, the ALJ found that, through her DLI, plaintiff had the residual functional capacity ("RFC") to perform her past relevant work as a retail store manager and thus was not disabled. (R. 16-20.)

Plaintiff argues that the ALJ erroneously rejected the opinion of her treating physician, Dr. Sonty. Dr. Sonty opined that, because of plaintiff's visual impairments, she could only read print and perform near tasks for fifteen minutes at a time, perform intermediate tasks for twenty minutes at a time, and perform distance tasks for ten minutes at a time. (R. 375.) With respect to this opinion, the ALJ said: "I note the record evidence includes an opinion by Dr. Sonty, however, the opinion is dated September 14, 2015, and appears reflective of that date, which is nine months past the claimant's [DLI]. Therefore, the opinion was not considered in the making of my decision." (R. 17.)

Plaintiff contends that the ALJ should have considered Dr. Sonty's opinion though it post-dated plaintiff's DLI because plaintiff's conditions were largely static over time and there is pre-DLI evidence that corroborates the opinion. *See Allord v. Barnhart*, 455 F.3d 818, 822 (7th Cir. 2006) ("Retrospective diagnosis of an impairment, even if uncorroborated by contemporaneous medical records, but corroborated by lay evidence relating back to the claimed period of disability, can support a finding of past impairment.") (quotation omitted). The Court agrees. As the ALJ noted, plaintiff's "visual impairments are mainly longstanding" and unchanging (R. 17), and there

3

is evidence from plaintiff and third parties that suggests Dr. Sonty's opinion reflects plaintiff's pre-DLI condition. (*See* R. 42-47 (plaintiff's testimony about her pre-DLI condition); R. 189-96 (plaintiff's June 28, 2014 function report); R. 237-38 (plaintiff's friend's report about plaintiff's condition); R. 242 (plaintiff's sister's report about plaintiff's condition); R. 249 (plaintiff's son's report about plaintiff's condition).) Given the corroborative evidence, the ALJ should not have rejected Dr. Sonty's opinion simply because it post-dated plaintiff's DLI. Moreover, because Dr. Sonty's opinion is that plaintiff meets listings 2.03 and 2.04, that error was not harmless. *See* Listing 2.03 ("Contraction of the visual field in the better eye, with . . . [t]he widest diameter subtending an angle around the point of fixation no greater than 20 degrees"); Listing 2.04 ("Loss of visual efficiency, or visual impairment, in the better eye . . . [a] visual efficiency percentage of 20 or less after best correction."), available at https://www.ssa.gov/disability/professionals/bluebook/2.00-SpecialSensesandSpeech-Adult.htm (last visited Aug. 6, 2018); (R. 373-74 (Dr. Sonty stating that plaintiff's better eye meets these requirements)). Accordingly, the case must be remanded.

Plaintiff also argues that the ALJ's RFC is erroneous. As relevant here, the ALJ determined that plaintiff can "perform occupations that require only occasional peripheral acuity, near acuity, far acuity, fields of vision and nighttime vision." (R. 16.) After stating the RFC, the ALJ summarized the record evidence. (*See* R. 16-19.) He did not, however, "describ[e] how the evidence support[ed] each conclusion," as he was required to do. SSR 96-8p, 1996 WL 374184, at \*7 (July 2, 1996); *see Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) ("Contrary to SSR 96-8p, however, the ALJ did not explain how he arrived at these conclusions [in the RFC]; this omission in itself is sufficient to warrant reversal of the ALJ's decision."). Thus, the RFC will have to be revisited on remand as well.

4

The same is true for the opinions of the third-party non-medical sources. The ALJ was required to evaluate each of these opinions in accordance with the regulatory factors, *i.e.*, to consider the nature and length of the source's relationship with plaintiff, the degree to which the source's statement is consistent with and supported by other record evidence, and any other factor that tends to support or contradict the statement, and to "explain the weight given to [the] opinions." *See* 20 C.F.R. § 404.1527(c), (f). He failed to do so. Rather, the ALJ simply summarized the third parties' opinions and said: "I have considered the opinion [sic] to the extent they are supported by the medical evidence or record during the period at issue." (R. 19.) On remand, the ALJ must explain how he weighed each opinion and why he gave each the weight he did.

**Conclusion**

For the reasons set forth above, the Court reverses the SSA's decision and remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**                                **ENTERED:  August 22, 2018**

**M. David Weisman**
**United States Magistrate Judge**

5